UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CYNTHIA HOOPS, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:16-cv-01543-AGF |
| | ) | |
| MEDICAL REIMBURSEMENTS OF AMERICA, INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' motions (Doc. Nos. 16 & 22) to dismiss, which the Court has converted into motions for summary judgment, pursuant to Federal Rule of Civil Procedure 12(d), because Defendants presented matters outside the pleadings. Within the time provided by the Court for Plaintiff to file a supplemental response to such motions, Plaintiff filed a memorandum of law and an affidavit of her attorney, under Federal Rule of Civil procedure 56(d), asking to continue consideration of Defendants' motion pending further discovery. Defendants have responded to Plaintiff's request, arguing that Plaintiff has not satisfied the specificity requirements of Rule 56(d) or shown that discovery is necessary to respond to Defendants' motions.

The Court agrees with Defendants that Plaintiff has not strictly complied with Rule 56(d), which as interpreted by the Eighth Circuit, requires that "[t]he party seeking additional discovery must show: (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3)

that these sought-after facts are 'essential' to resist the summary judgment motion." *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2014). But because "[t]he purpose of Rule 56(d) is to provide an additional safeguard against an improvident or premature grant of summary judgment," courts have held that "the rule should be applied with a spirit of liberality," particularly where, as here, the case is still in the relatively early stages. *Rummel v. Massachusetts Mut. Life Ins. Co.*, No. 4:13 CV 1743 RWS, 2014 WL 1116741, at *1 (E.D. Mo. Mar. 20, 2014) (citations omitted). According to the Case Management Order entered in this matter, fact discovery is to be completed by June 9, 2017, all discovery is to be completed by September 15, 2017, and the parties have until September 29, 2017 to file dispositive motions. Plaintiff asserts that she has not yet received responses to her initial discovery requests or had the opportunity to take depositions, and she believes that such discovery is necessary to respond to Defendants' motions.[1] Because Plaintiff has made at least a good faith showing that additional discovery may inform her response to Defendants' motions, the Court will grant Plaintiff's Rule 56(d) request for such discovery.

Specifically, the Court will give Plaintiff until May 31, 2017 (shortly before the close of fact discovery) to conduct whatever discovery she believes is necessary to respond to Defendants' motions. The Court will follow the usual practice under Rule 56(d), which is to deny Defendants' motions for summary judgment without prejudice to reapply after Plaintiff has conducted this discovery. *See* 10B Charles Alan Wright & Arthur R. Miller,

---

[1] Plaintiff has not asserted that expert discovery is needed to respond to Defendants' motions.

et al., Federal Practice and Procedure § 2740 (4th ed.). At that time, Defendants may refile their motions for summary judgment, and may advise the Court that they wish to incorporate by reference their previously filed memoranda in support thereof, or may file new such memoranda. In accordance with the Case Management Order, the Court will give Plaintiff 28 days to respond to such motions, and the Court will not grant any further request under Rule 56(d) by Plaintiff absent a showing of any specific items of additional discovery needed to respond to the motion, and good cause why such discovery has not been completed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motions to dismiss, now considered motions for summary judgment, are **DENIED without prejudice**. (Doc. Nos. 16 & 22)

**IT IS FURTHER ORDERED** that, on or after **May 31, 2017**, Defendants may file refile their motions for summary judgment, either incorporating by reference their previously filed memoranda in support thereof or attaching new supporting memoranda. As set forth above, Plaintiff's response shall be due no later than 28 days after such a motion is filed.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of February, 2017.