UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA HOOPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:16-cv-01543-AGF |
| | ) | |
| MEDICAL REIMBURSEMENTS OF | ) | |
| AMERICA, INC. and MERCY | ) | |
| HOSPITALS EAST COMMUNITIES, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on the motion (ECF No. 64) of Defendant Mercy Hospitals East Communities ("Mercy") to quash Plaintiff's Federal Rule of Civil Procedure 30(b)(6) notice of deposition. For the reasons set forth below, the Court will deny the motion to quash but will limit the scope of the deposition.

# BACKGROUND

Plaintiff's claims in this putative class action arise out of Mercy's billing practices for patients injured in automobile accidents. Specifically, Plaintiff alleges that Mercy and the billing services company with which Mercy contracts, Defendant Medical Reimbursements of America, Inc. ("MRA"), unlawfully bill patients' auto insurance medical payments coverage and/or assert medical liens before billing the patient's health insurance, which would be subject to a discounted rate, in order to maximize revenue to the financial detriment of patients. Under the Case Management Order, discovery is

bifurcated, and this phase of the case is limited to the named Plaintiff's claims, which arise out of Mercy's billing for her medical treatment on May 31, 2016.

The Court previously denied without prejudice Defendants' motions to dismiss, which the Court converted to motions for summary judgment, in light of Plaintiff's request for additional time to conduct discovery, pursuant to Rule 56(d). ECF No. 44. The Court gave Plaintiff until May 31, 2017 (shortly before the close of fact discovery) to conduct whatever discovery she believes is necessary to respond to Defendants' motions. The Court then denied Defendants' motions without prejudice to refiling on or after May 31, 2017.

Plaintiff served her Rule 30(b)(6) notice on April 24, 2017. A copy of the notice is attached to Mercy's brief as ECF No. 65-1. The 30 topics listed in the notice relate to: Mercy's policies and procedures for billing auto insurance medical payments coverage, asserting medical liens, and obtaining patient consent (known as "Consent and Agreement" forms) for patients with health insurance during the periods of December 13, 2013 (the date on which Mercy hired MRA) to the present, and for the three-year period prior to December 17, 2013; Mercy's billing for Plaintiff's medical treatment on May 31, 2016; negotiations between MRA and Mercy prior to December 13, 2017; MRA's assessment of the Mercy billing practices described above prior to December 17, 2013; Mercy's efforts, prior to May 31, 2016, to determine the legal compliance of, and industry standards with respect to, the billing practices described above; MRA's access to Mercy's patient information during the period of December 13, 2013 to present; MRA's access to and receipt of information and records relating to Hoops specifically; and complaints

received by Mercy during the period of December 17, 2013 to May 31, 2016 regarding the billing practices described above.

Mercy argues that the deposition notice is duplicative of depositions already taken of Mercy's Chief Revenue Cycle Officer, Sterling Coker, and its Executive Director of Patient Receivables Management, James Mazzola, in their individual capacities. Mercy further argues that the 30 topics listed in the deposition notice are irrelevant and not proportional to the needs of the case. As to the topics related to Mercy's efforts to determine the legal compliance of its billing practices, Mercy argues that such information is protected by the attorney-client privilege.

## **DISCUSSION**

The Court does not believe that the fact that Plaintiff took depositions of Coker and Mazzola in their individual capacities bars Plaintiff from taking a Rule 30(b)(6) deposition of Mercy. There is no indication in the record that Mercy has agreed to adopt the individual testimony of these witnesses as that of the corporation, or that the individuals were prepared to testify about information known or reasonably available to Mercy with respect to the topics listed in the Rule 30(b)(6) notice. However, in order to minimize duplicative testimony and decrease costs, the Court strongly encourages the parties to meet and confer regarding whether any of the individuals previously deposed may bind Mercy, what topics have been covered by previous testimony, and what parts of that testimony is binding on Mercy.

Although the Court will not quash the Rule 30(b)(6) deposition in its entirety, upon careful consideration of the topics listed in the deposition notice and the arguments of the

parties, and in light of the discovery limits set forth in Rule 26(b), the Court will limit the scope of topics to be covered.   As the Court previously indicated to Plaintiff during the April 26, 2017 hearing on Plaintiff's motion to compel, the Court does not believe that Mercy's billing practices before the date on which it hired MRA, the pre-contract negotiations between Mercy and MRA, or prior complaints by other individuals regarding Mercy's billing practices, are relevant to Plaintiff's claims or proportional to the needs of the case.   Therefore, the Court will limit the scope of the deposition notice to exclude such topics, which are numbered 2, 7, 11, 13, 16, 27, 28, and 30.[1]   The Court believes that the remaining topics fall within the scope of permissible discovery under Rule 26(b).   As to the topics related to Mercy's efforts to determine the legal compliance of its billing practices (e.g., matters 20 and 21), Mercy has not waived the attorney-client privilege,[2] and its representative may invoke the privilege to the extent particular questions implicate it.

The Court will order Mercy to promptly produce a representative in accordance with the Rule 30(b)(6) deposition notice, as limited in the manner set forth above.   The Court will also extend the time for Plaintiff to complete discovery relating to Defendants' motions for summary judgment until the date on which the deposition is complete, and will

---

[1]   The Court will not exclude topics 18 and 19, regarding MRA's assessment of Mercy's billing practices prior to its December 17, 2013 hire date, regarding which the Court has permitted some written discovery.   *See* ECF No. 63.   But the Court strongly encourages Plaintiff to limit the extent of questioning related to these topics, in light of their likely minimal relevance.

[2]   Plaintiff argues that Mercy implicitly waived the attorney-client privilege by asserting that its billing practice is consistent with industry standards.   This argument is without merit.

extend the deadline for Defendants to refile these motions until seven days after the deposition is complete.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Mercy Hospitals East Communities' motion to quash Plaintiff's Rule 30(b)(6) notice of deposition is **DENIED**, but the topics to be covered during the deposition shall be limited as set forth above.   ECF No. 64.

**IT IS FURTHER ORDERED** that Defendant Mercy Hospitals East Communities shall promptly produce a representative in accordance with the Rule 30(b)(6) Notice of Deposition, as limited by this Memorandum and Order.   The time for Defendants to refile their motions for summary judgment, as set forth in the Court's February 2, 2017 Memorandum and Order (ECF No. 44), shall be extended until **seven days** after the date on which such deposition is complete.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of May, 2017.