UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CYNTHIA HOOPS,                          )
                                        )
            Plaintiff,                  )
                                        )
      vs.                               )        No. 4:16-cv-01543-AGF
                                        )
MEDICAL REIMBURSEMENTS OF               )
AMERICA, INC. and MERCY                 )
HOSPITALS EAST COMMUNITIES              )
                                        )
            Defendants.                 )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the motions (ECF Nos. 73 & 79) for

summary judgment filed by Defendants Mercy Hospitals East Communities ("Mercy") and

Medical Reimbursements of America, Inc., respectively.  The motions are fully briefed.

Defendants move for summary judgment on all of Plaintiffs' claims, including Count II,

for breach of the "Agreement Between Mercy & Commercial Health Insurance Carrier."

Plaintiff alleges to be a third-party beneficiary of the agreement referenced in Count II.

The Court believes that summary judgment may be warranted on Count II (and perhaps

on other claims, to the extent they are based on rights arising out of the agreement referenced in

Count II), on a ground not raised by Defendants:  that Plaintiff is neither a party to, nor a third-

party beneficiary of, the agreement at issue, and as such, lacks standing to enforce that

agreement.  *See, e.g., Torres v. Simpatico, Inc.*, 781 F.3d 963, 971 (8th Cir. 2015) ("Under

Missouri law: Only parties to a contract and any third-party beneficiaries of a contract have

standing to enforce that contract."); *Retro Television Network, Inc. v. Luken Commc'ns, LLC*,

696 F.3d 766, 769 (8th Cir. 2012) (holding that no third-party beneficiary relationship existed

where the contract at issue "explicitly denie[d] an intention to create a third party beneficiary");

*L.A.C. ex rel. D.C. v. Ward Parkway Shopping Ctr. Co.*, 75 S.W.3d 247, 260 (Mo. 2002) ("Third party beneficiary rights depend on, and are measured by, the terms of the contract between the promisor and the promisee.").

Federal Rule of Civil Procedure 56(f)(2) provides that a district court may grant a motion for summary judgment on grounds not raised by a party after giving notice and a reasonable time to respond.  Fed. R. Civ. P. 56(f)(2); *see also Hightower v. City of St. Louis*, No. 4:14-CV-1959 (CEJ), 2016 WL 6524287, at *7 (E.D. Mo. Nov. 3, 2016).

Accordingly,

**IT IS HEREBY ORDERED** that the parties shall have up to and including **December 6, 2017**, to respond, in a brief of not more than **seven pages**, to the issue of whether summary judgment should be entered in favor of Defendants on Count II and/or any other Count of Plaintiff's Second Amended Complaint for the reason set forth above.  The parties shall have **seven days** thereafter to file any response of not more than **seven pages** to an opposing party's brief.

**IT IS FURTHER ORDERED** that, except as set forth above, no further briefing will be permitted with respect to Defendants' motions for summary judgment.



_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 15th day of November, 2017.