EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA HOOPS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 4:16-cv-01543-AGF |
| | ) |
| MEDICAL REIMBURSEMENTS OF | ) |
| AMERICA, INC. and MERCY HOSPITALS | ) |
| EAST COMMUNITIES, | ) |
| | ) |
|     Defendants. | ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF CLASS CERTIFICATION**

DATED: August 30, 2018

                                                     Respectfully submitted,

                                                     **HOLLORAN SCHWARTZ & GAERTNER LLP**

                                                     /s/ THOMAS E. SCHWARTZ
                                                     Thomas E. Schwartz, #44504
                                                   Rebecca E. Grossman, #70093
                                                   9200 Litzsinger Road
                                                   St. Louis, Missouri 63144
                                                   314-772-8989
                                                   314-279-1333 Facsimile
                                                   tschwartz@holloranlaw.com
                                                   rgrossman@holloranlaw.com
                                                   *Attorneys for Plaintiff*

## **TABLE OF CONTENTS**
**Page**

MEMORANDUM IN SUPPORT OF CLASS CERTIFICATION……………………………. 5

   I.    INTRODUCTION……………………………………………………………………5

   II.   FACTUAL BACKGROUND……………………………………………………….....6

          A.  Lien Asserted Against Plaintiff……………………………………………... 6

          B.  Liens Asserted Against Others………………………………………………. 7

   III.  LEGAL STANDARD FOR CLASS CERTIFICATION………..…………………….. 7

          A.  The Requirements of Rule 23(a) Are Satisfied……………………………….8

                1.    Numerosity……………………………………………………………...8

                2.    Commonality…………………………………………………………....9

                3.    Typicality……………………………………………………………. 10

                4.    Adequacy……………………………………………………………. 11

          B.  The Requirements of Rule 23(b) Are Satisfied……………………………….11

                1.    Predominance…………………………………………………………...12

                2.    Superiority……………………………………………………………13

   IV.  CONCLUSION……………………………………………………………………14

## **TABLE OF AUTHORITIES**

**Page**

*Ark. Educ. Ass'n. v. Bd. of Educ.*,
  446 F.2d 763 (8th Cir. 1971)……………………………………………………………8

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338, 350 (2011)……………………………………………………………9, 12

*Boswell v. Panera Bread Co.*,
  No. 4:14,CV-01833-AGF (E.D.Mo. Oct. 23, 2015)…………………………………9, 13

*Dupler v. Costco Wholesale Corp.*,
  249 F.R.D. 29 (E.D.N.Y. 2008)……………………………………………………...9

*Smilow v. Sw. Bell Mobile Sys., Inc.*,
  323 F.3d 32 (1st Cir. 2003)……………………………………………………………..9

*Bird Hotel Corp. v. Super 8 Motels, Inc.*,
  246 F.R.D. 603 (D.S.D. 2007)………………………………………………………….9

*Alpern v. UtiliCorp United, Inc.*,
  84 F.3d 1525 (8th Cir. 1996)………………………………………………………... 10

*DeBoer v. Mellon Mortg. Co.*,
  64 F.3d 1171 (8th Cir. 1995)………………………………………………………... 10

*East Tex. Motor Freight Sys. v. Rodriguez*,
  431 U.S. 395 (1977)………………………………………………………………….11

*Tyson Foods, Inc. v. Bouaphakeo*,
  136 S.Ct. 1036 (2016)………………………………………………………………..12

*Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*,
  568 U.S. 455 (2013)………………………………………………………………….12

*Amchem Prods. v. Windsor*,
  521 U.S. 691 (1997)………………………………………………………………….13

## **RULES**

Federal Rule of Civil Procedure 23(a)……………………………………………………...7, 8

Federal Rule of Civil Procedure 23(b)(3)…………………………………………………….7, 12

Federal Rule of Civil Procedure 23(a)(1)……………………………………………………… 8

Federal Rule of Civil Procedure 23(a)(2)……………………………………………………… 9

Federal Rule of Civil Procedure 23(a)(3)……………………………………………………. 10

Federal Rule of Civil Procedure 23(a)(4)……………………………………………………. 11

Federal Rule of Civil Procedure 23(g)……………………………………………………….11

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF CLASS CERTIFICATION

### I.     INTRODUCTION

Pursuant to this Court's Summary Judgment Order, Plaintiff Cynthia Hoops (hereinafter "Plaintiff") has two remaining claims.[1]  The first claim is a breach of contract claim against Defendant Mercy Hospitals East Communities (hereinafter "Mercy") arising out of the Consent and Agreement for asserting a lien for the full amount of charges when Plaintiff had commercial health insurance that entitled her to a discounted amount.  The second claim is a breach of contract claim against Mercy arising out of the Network Agreement that Mercy had with Plaintiff's commercial health insurance provider, for asserting a lien for the full amount of charges.

Plaintiff seeks class certification of two classes that correspond to Plaintiff's two remaining claims.   Accordingly, Hoops seeks certification of the following class regarding breach of the Consent and Agreement (hereinafter "Consent and Agreement Class"):

> All Missouri residents who (1) received medical treatment from any Mercy-owned or Mercy-affiliated hospital/provider in Missouri (2) while being covered by valid commercial health insurance, (3) who signed a Consent and Agreement, and (4) Mercy sought collection from a source other than a patient's commercial health insurance by asserting a medical lien for the total unadjusted amount charged, during the period of August 25, 2011 to the present.

Hoops seeks to represent the following class regarding breach of the Network Agreement ("Network Agreement Class"):

> All Missouri residents who (1) received medical treatment from any Mercy-owned or Mercy-affiliated hospital/provider in Missouri while (2) being covered by Blue Cross Blue Shield/Anthem health insurance, and (3) Mercy sought collection from a source other than the patient's commercial health insurance by asserting a medical lien for the total unadjusted amount charged, during the period of August 25, 2011 to the present.

---

[1] *See* Memorandum and Order, Hoops v. Med. Reimbursements of Am., Inc., No. 4:16-cv-01543-AGF, (E.D. Mo., March 2, 2018), ECF No. 133.

## II.      FACTUAL BACKGROUND

### a.      The Lien Asserted Against Plaintiff

On May 31, 2016, Hoops was injured in an auto accident and taken to Mercy Hospital where she received medical treatment in the emergency room. As a condition of treatment, a Mercy employee presented Hoops' husband (to be signed on behalf of Hoops) with a contract entitled "Consent and Agreement Physician Services and Hospital Services" ("Consent and Agreement").[2] Hoops' husband and Mercy signed the Consent and Agreement. At the time of her treatment, Hoops had commercial health insurance through Blue Cross Blue Shield ("BCBS"), and Mercy had a contract with BCBS titled "Network Agreement."[3]

The unadjusted charges for Mercy's treatment of Hoops on May 31, 2016 totaled $6,519.54. The contractually discounted rate for those charges pursuant to Hoops' BCBS health insurance plan was $1,045.00.

The Consent and Agreement stated that Hoops will be responsible for Mercy's full charges "unless (Hoops is) entitled to pay a different amount under (Hoops') health insurance plan."[4] The Network Agreement between Mercy and BCBS provided for discounted rates for covered services charged by Mercy to BCBS. The Network Agreement contained a Payment in Full and Hold Harmless provision that required Mercy to accept the contractual discounted amount ($1,045) as payment in full.[5]

On July 7, 2016, Mercy asserted a Missouri medical lien in the amount of $6,519.54, the total amount of the unadjusted charges.

---

[2] *See* Consent and Agreement Physician Services and Hospital Services, attached hereto as Exhibit 1.
[3] *See* Network Agreement, attached hereto as Exhibit 2.
[4] *See* Exhibit 1.
[5] See Exhibit 2, §2.8.2.

### b.  Liens Asserted Against Others

Between August 26, 2011 and the present, Mercy has asserted liens for the total amount of the unadjusted charge on (at least)[6] 150 patient accounts when the patient had commercial health insurance at the time services were provided to the patient.[7]  Like Plaintiff, each of these patients sought services at a Mercy facility, was covered by commercial health insurance at the time they sought treatment, signed the same Consent and Agreement upon arrival at the facility, and Mercy then asserted a lien for the total unadjusted amount charged.  These 150 patients make up the Consent and Agreement class Plaintiff seeks to certify.

Of those 150 patients, 46 of them were insured through Blue Cross Blue Shield/Anthem.[8]  These 46 patients had the same Network Agreement as Plaintiff.  This Court found in its March 2, 2018 Memorandum and Order that Plaintiff, as the Covered Individual, was an intended third-party beneficiary of Section 2.8.2 of the Network Agreement.[9]  It then follows that the 46 patients covered under the same Network Agreement as Plaintiff are also Covered Individuals under the Blue Cross Blue Shield/Anthem Network Agreement and are intended third-party beneficiaries of Section 2.8.2 of the Network Agreement.  This group of 46 patients with BCBS/Anthem health insurance coverage make up the Network Agreement Class Plaintiff seeks to certify.

### III.      LEGAL STANDARD FOR CLASS CERTIFICATION

The Rule 23(a) requirements – numerosity, commonality, typicality, and adequacy – are met here.  The Rule 23(b)(3) requirements of predominance and superiority are also satisfied.  Two common legal questions predominate, one for each class.  A class action is superior because it

---

[6] 150 patients have been confirmed per attached Exhibit 3 (Mercy's June 20, 2018 Updated Answer to Interrogatory No. 1).  This is a conservative number based on Defendant's interpretation of who would qualify as a class member.
[7] *See* Exhibit 3.
[8] *See* Exhibit 3.  Per Mercy, at any given time, one Network Agreement with Anthem has covered all Anthem and Blue Cross Blue Shield Plans.
[9] *See* Memorandum and Order at 21, Hoops v. Med. Reimbursements of Am., Inc., No. 4:16-cv-01543-AGF, (E.D. Mo., March 2, 2018), ECF No. 133.

would be economically impractical to bring individual lawsuits for the amount of damages suffered individually by each class member. Both classes satisfy the 23(a) and 23(b)(3) requirements of class certification and, therefore, this Court should grant class certification.

### A. The Requirements of Rule 23(a) Are Satisfied

Rule 23(a) contains four prerequisites for class certification: (1) that the proposed class is so numerous that joinder of all members is impracticable; (2) that there are questions of law or fact common to the class; (3) that the claims of the representative party are typical of the claims of the class; and (4) that the representative party will fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a). Rule 23(a) requirements are satisfied for both classes here.

#### 1. Numerosity

Evidence shows that both proposed classes meet the numerosity requirement.[10] Numerosity exists where "the class is so numerous that joinder of all members [of the class] is impracticable." FED. R. CIV. P. 23(a)(1). The 8th Circuit has certified classes with significantly fewer members than the classes Plaintiff seeks to certify here. *See e.g., Ark. Educ. Ass'n. v. Bd. of Educ.*, 446 F.2d 763, 765 (8th Cir. 1971) (holding that a class with 20 members satisfies the numerosity requirement). Here, with at least 150 members in the Consent and Agreement Class and 46 members in the Network Agreement Class, Rule 23(a)(1)'s numerosity requirement is satisfied.

---

[10] *See* Exhibit 3, illustrating that Mercy asserted liens against at least 150 patient accounts for the total unadjusted amount charged while the patient was covered by commercial health insurance when treated at a Mercy facility between 2011 and the present. For the Network Agreement Class *See* Exhibit 3, illustrating that of the at least 150 patient accounts, 46 were covered under the Anthem/Blue Cross Blue Shield Network.

### 2. **Commonality**

To satisfy the commonality requirement, a movant must show that there are "questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). These common questions must have the capacity to generate common answers likely to drive classwide resolution of the litigation. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

Each remaining claim has one central question. Regarding the Consent and Agreement class, the common legal question is whether Mercy's assertion of a medical lien for the total amount of charges constitutes a breach of the Consent and Agreement when the patient's health insurance plan entitles them to pay a discounted amount. Regarding the Network Agreement Class, the common legal question is whether Mercy's assertion of a medical lien for the total amount of unadjusted charges constitutes a breach of the Network Agreement between Mercy and Blue Cross Blue Shield. Claims arising out of form contracts are particularly appropriate for class action treatment. *See, Boswell v. Panera Bread Co*., No. 4:14-CV-01833-AGF, Memorandum and Order at 22 (E.D. Mo., Oct. 23, 2015), *citing Dupler v. Costco Wholesale Corp*., 249 F.R.D. 29, 37 (E.D.N.Y. 2008).[11]

Both of Plaintiff's remaining claims arise out of form contracts – the Consent and Agreement and the Network Agreement. Because Plaintiff's claims arise out of form contracts, Plaintiff's claims are particularly appropriate for class action treatment. Further, the answers to

---

[11] *See also Smilow v. Sw. Bell Mobile Sys., Inc.,* 323 F.3d 32, 39 (1st Cir. 2003) (affirming certification of breach of contract and unfair trade practices claims where the claims were "based entirely on a standard form contract which the defendant used with every member of the class"); *Bird Hotel Corp. v. Super 8 Motels, Inc.*, 246 F.R.D. 603, 605 (D.S.D. 2007) (granting class certification when the "liability question" of whether the defendant "breach[ed] the [form] franchise agreement by imposing an additional mandatory five percent fee" was identical for all class members).

our two central questions outlined above will resolve central issues to the validity of the claims of each class. Both classes meet the commonality requirement.

### 3. Typicality

To satisfy the typicality requirement, a plaintiff must possess the same interest and have suffered the same injury as the other class members. FED. R. CIV. P. 23(a)(3); *Alpern v. UtiliCorp United, Inc.,* 84 F.3d 1525, 1539 (8th Cir. 1996). The burden of demonstrating typicality is fairly easily met, so long as other class members have claims similar to the named plaintiff. *DeBoer v. Mellon Mortg. Co.,* 64 F.3d 1171, 1174 (8th Cir. 1995).

Plaintiff's claims are typical of the Classes she seeks to represent. Plaintiff received treatment at Mercy, while she had commercial health insurance through BCBS and her representative signed a Consent and Agreement. Mercy then asserted a lien for the total amount of unadjusted charges, despite the fact that she was entitled to a discounted rate. Plaintiff seeks to represent the Consent and Agreement Class of members who had commercial health insurance, entitling them to a discounted rate for services provided by Mercy, who signed a Consent and Agreement at a Mercy facility as Plaintiff did.

Plaintiff also seeks to represent the Network Agreement Class of members who were insured by Blue Cross Blue Shield/Anthem who have standing under the same agreement to bring an action as a third-party beneficiary against Mercy for breach of the Payment in Full and Hold Harmless provision, as Plaintiff does.[12]

Plaintiff has the same interest as class members, she has suffered the same injury as class members, and she has the same claims as class members. Typicality is satisfied here for both classes.

---

[12] This Court previously found that Plaintiff is an intended third-party beneficiary of Section 2.8.2 of the Network Agreement.

### 4. **Adequacy of Representation**

#### i. **Rule 23(a)(4)'s Adequacy Requirement**

Rule 23(a)'s final requirement is that the class representative must "fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). The adequacy requirement is met where: (1) the representative is a member of the class; (2) the representative has the same interest as the class members and does not have a conflict of interest with the class members; and (3) the representative suffered generally the same injury as the class members. *East Tex. Motor Freight Sys. v. Rodriguez*, 431 U.S. 395, 403 (1977).

Plaintiff is a member of both the Consent and Agreement Class and Network Agreement Class. Plaintiff has no conflict of interest with other class members. Plaintiff has suffered generally the same injury as the other class members – Plaintiff and the Consent and Agreement Class members had commercial health insurance that entitled them to a discounted rate and Mercy asserted a lien for the total unadjusted amount charged. Further, Plaintiff and the Network Agreement Class members had commercial health insurance through Blue Cross Blue Shield/Anthem. That Network Agreement articulates the right of the Class members as third party beneficiaries, including Plaintiff, to bring an action for breach of Section 2.8.2 of the Payment in Full and Hold Harmless provision of the Network Agreement. The 23(a)(4) adequacy requirement is satisfied for both classes.

#### ii. **Rule 23(g)'s Adequacy of Class Counsel Requirement**

In determining whether counsel are qualified, Rule 23(g) lists four factors for the Court to consider: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types

of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class. FED. R. CIV. P. 23(g)(1)(A).

Here, Plaintiff's counsel are experienced lawyers who are qualified to act as counsel for the class. Plaintiff's counsel has previously handled class action litigation, as well as other complex litigation. Plaintiff's counsel has, and will continue to, allocate adequate resources to ensure that the class is properly represented in this case.

### B. The Requirements of Rule 23(b)(3) Are Satisfied

In addition to showing that the requirements of Rule 23(a) are met, the party seeking certification must show that the class falls within one of the three categories outlined in Rule 23(b). *Wal-Mart Stores v. Dukes*, 564 U.S. 338, 345 (2011). Here, Plaintiff seeks certification under Rule 23(b)(3), which requires that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3).

#### 1. Predominance

A common question exists where the same evidence will suffice for each member to make a prima facie showing or the issue is susceptible to generalized, classwide proof. *Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036, 1045 (2016). Rule 23(b)(3) requires a showing that questions common to the class predominate, not that those questions will be answered, on the merits, in favor of the class. *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 568 U.S. 455, 459 (2013).

Here, two common legal questions (one for each class) predominate: (1) Whether Mercy's assertion of a medical lien for the total amount of charges constitutes a breach of the Consent and Agreement when the patient's health insurance plan entitles them to a pay a discounted amount;

and (2) Whether Mercy's assertion of a medical lien for the total amount of charges constitutes a breach of the Network Agreement between Mercy and Blue Cross Blue Shield.

This Court in *Boswell v. Panera Bread Co*. when discussing predominance explained that "Plaintiffs' class claims for breach of contract… may be proved by common evidence regarding the parties' form contact…" No. 4:14-CV-01833-AGF (E.D. Mo. 2015). Here, similarly to the Plaintiffs' claims in *Boswell*, all members of the Consent and Agreement Class are bound by the same contract and all members of the Network Agreement Class are bound by the same contract.

Two common questions exist regarding breach of the Consent and Agreement and breach of the Network Agreement. These two questions may be proved by common evidence regarding the contracts and Mercy's actions with respect thereto. These questions predominate over any individual questions that may present themselves with regard to the breach of contract claims. Common questions of law predominate.

### 2. Superiority

Finally, Rule 23(b)(3) requires that a class action be the superior method for adjudicating the claims. Certifying a class is the superior way to adjudicate claims when a "class action would achieve economies of time, effort, and expense, and promote… uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Prods. v. Windsor*, 521 U.S. 691, 615 (1997). The Supreme Court noted in *Amchem* that one of the purposes underlying Rule 23(b)(3) was "vindication of the rights of groups of people who individually would be without effective strength to bring their opponents into court at all." *Id.* at 617 (internal citations omitted).

A class action is superior to individual actions here because (1) it would be economically impractical to bring individual lawsuits for the amount of damages suffered individually by each

class member and (2) there is a risk of inconsistent decisions were these cases to be tried individually.

IV. **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that the Court grant its Motion for Class Certification, and appoint Holloran Schwartz & Gaertner, LLP counsel for the Classes.

Respectfully submitted,

**HOLLORAN SCHWARTZ & GAERTNER LLP**

/s/ THOMAS E. SCHWARTZ
Thomas E. Schwartz, #44504
Rebecca E. Grossman, #70093
9200 Litzsinger Road
St. Louis, Missouri 63144
314-772-8989
314-279-1333 Facsimile
tschwartz@holloranlaw.com
rgrossman@holloranlaw.com
*Attorneys for Plaintiff*

**Certificate of Service**

The undersigned hereby certifies that on this 5th day of September, 2018, this pleading was electronically filed with the Clerk of the Court by using the Missouri electronic filing system, which will send notice of electronic filing to the attorneys on record.

/s/ THOMAS E. SCHWARTZ