UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA HOOPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-cv-01543-AGF |
| | ) | |
| MEDICAL REIMBURSEMENTS OF | ) | |
| AMERICA, INC. and MERCY HOSPITALS | ) | |
| EAST COMMUNITIES, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY TO DEFENDANT MERCY HOSPITALS EAST COMMUNITIES' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

**INTRODUCTION**

Plaintiff Cynthia Hoops (hereinafter "Plaintiff") seeks class certification of two classes, a "Consent and Agreement Class" and "Network Agreement Class", that correspond to Plaintiff's two remaining claims.  Contrary to Defendant Mercy's characterization, these are not "primary" and "secondary" classes – but two distinct classes.  Plaintiff's Memorandum In Support of Class Certification clearly establishes all requirements of Rule 23, including commonality and predominance.  In her Reply to Defendant's Response Brief, Plaintiff will address Defendant's criticisms of the two classes separately.

Prior to addressing Defendant's criticisms, however, Plaintiff would be hard pressed not to point out the irony and hypocrisy of Defendant's overall position in their Response Brief. Deposition testimony in this case clearly established that Defendant Mercy and their agent, MRA, treated all patients the same for purposes of asserting liens and collecting med-pay, and did not rely on or even refer to the patient's insurance policies or provider agreements.  (Deposition of

Misti Voorhies, attached hereto as Exhibit 1 at 131:16-132:14). Yet Mercy now takes the position that each patient's insurance policy and relevant provider agreement requires separate review and examination. Further, Mercy represents to the Court that handling these claims as a class is not feasible or possible, when multiple Missouri courts have handled essentially identical claims as class actions.

Contrary to Mercy's representations, both proposed classes satisfy the requirements of Rule 23, and justice is only served if these wronged patients can address these issues as a class.

**I.  The Consent and Agreement Class meets the requirements of Rule 23, specifically commonality and predominance.**

The Consent and Agreement Class satisfies the commonality and predominance requirements of Rule 23. The commonality requirement of Rule 23 requires a common question that can generate class wide answers likely to drive class wide resolution of the litigation. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Here, we have one common question: Whether Mercy breached the Consent and Agreement contract when they asserted a medical lien for the total amount of charges when the patient had commercial health insurance that provided them a discounted rate. This common question will provide a class wide resolution of this litigation.

The predominance requirement of Rule 23 requires a showing that questions common to the class predominate, not that those questions will be answered on the merits in favor of the class. *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 568 U.S. 455, 459 (2013). Plaintiff's proposed Consent and Agreement Class presents only one common question, as stated above. That common question predominates.

While Mercy recognizes that Plaintiff has identified only one predominant common question, Mercy claims that whether an individual class member is entitled to pay a discounted

amount for treatment requires additional, individualized inquiry.  In other words, Mercy argues that the Court must look to each patient's health insurance policy and provider agreement to determine if the patient would be entitled to some discount from Mercy's unadjusted prices.  That inquiry is unnecessary, as every patient with a health insurance provider who has a provider agreement with Mercy would be entitled to a discounted rate.  Reduced health care costs and discounted rates are the primary purpose of provider agreements.  Mercy fails to identify a single example of a patient with health insurance and corresponding provider agreement with Mercy who would not be entitled to a discount.

In support of its position, Mercy sites a Georgia case, *MCG Health, Inc. v. Perry*.  755 S.E.2d 341 (Ga. Ct. App. 2014).  Although on its face, *MCG Health* presents a similar fact pattern to Plaintiff's experience, the proposed members of the *MCG Health* class had no contract in common.  The Court in *MCG Health* addressed two relationships: the relationship between MCG and the insurance providers it contracts with, and, the relationship between the patients and their insurance providers.  *Id.* at 344.  Here, the members of Plaintiff's proposed Consent and Agreement Class all entered into the same contract with Mercy – the Consent and Agreement.  The relationship at issue here is the relationship that was created between Mercy and its patients when they entered into the Consent and Agreement contract.  *MCG Health* does not address that relationship and is inapplicable to this litigation.

In Missouri, St. Louis County Circuit Court, Jackson County Circuit Court, and Clay County Circuit Court have all certified classes which included class definitions essentially identical to those proposed by Plaintiff here.  *See Welschmeyer v. St. Luke's Health System, Inc.,* Order and Judgment Granting Final Approval of Class Settlement, Case No. 1316-cv-19250 (Jackson County Circuit Court, Apr. 23, 2014), attached hereto as Exhibit 2; *Taylor v. Truman*

*Medical Center, Inc.*, Order and Judgment Granting Final Approval of Class Settlement, Case No. 1316-CV25367 (Jackson County Circuit Court, Dec. 12, 2014), attached hereto as Exhibit 3; *Layden v. Midwest Division-RMC, LLC d/b/a/ Research Medical Center*, Order and Judgment Granting Final Approval of Settlement, Case No. 1316-CV10357 (Jackson County Circuit Court, July 23, 2018), attached hereto as Exhibit 4;  *Lay v. SSM Health Care St. Louis*, Order and Judgment Granting Final Approval of Class Settlement, Case No. 14SL-CC01068, (St. Louis County Circuit Court, Aug. 12, 2015), attached hereto as Exhibit 5; *Rose v. St. Anthony's Medical Center*, Order and Judgment Granting Final Approval of Class Settlement, Case No. 16SL-CC03988 (St. Louis County Circuit Court, Dec. 20, 2017), attached hereto as Exhibit 6; *Harbin v. New Liberty Hospital District*, Order and Judgment Granting Final Approval of Class Settlement, Case No. 14CY-CV01448 (Clay County Circuit Court, Dec. 20, 2016), attached hereto as Exhibit 7.

In *Welschmeyer*, the Jackson County Circuit Court certified a class regarding St. Luke's entities consisting of:

> "All patients who between July 6, 2006 and January 31, 2014 received medical care at a Saint Luke's Entity located in Missouri, were covered by a valid commercial health insurance contract, and a Saint Luke's Entity asserted a Hospital lien and has either obtained payment or the asserted lien is still pending; but excludes (i) Defendants and its officers, directors, managers, agents and/or employees; (ii) the Court presiding over any motion to approve this settlement agreement; and (iii) those persons who timely and validly request exclusion from the Settlement Class."  Ex. 2 at 2.

In *Taylor*, the Jackson County Circuit Court certified a class regarding Truman Medical Center, Inc. facilities consisting of:

> "All Missouri residents who, since October 09, 2008, received any type of healthcare treatment from any entity located in Missouri that is owned or affiliated with Defendant Truman Medical Center, Inc., while being covered by valid health insurance, and whose medical bills resulting from that

treatment were not submitted to their health insurance carrier for payment and Truman Medical Center, Inc. has either obtained payment for those bills or has asserted a lien against third party recovery that is still pending but excludes (i) Defendant and its officers, directors, managers, agents and/or employees; (ii) the Court presiding over any motion to approve this settlement agreement; and (iii) those persons who timely and validly request exclusion from the Settlement Class." Ex. 3 at 2.

In *Layden*, the Jackson County Circuit Court certified a class regarding Research Medical Center, Centerpoint Medical Center, Lafayette Regional Health Center, Lee's Summit Medical Center, and Belton Regional Medical Center consisting of:

"All individuals who received healthcare treatment at Research Medical Center between April 24, 2008 and December 31, 2014, or at Centerpoint Medical Center, Lafayette Regional Health Center, Lee's Summit Medical Center, or Belton Regional Medical Center between August 21, 2009 and December 31, 2014, and where (i) the treatment related to an automobile accident; (ii) the individual was a Missouri resident at the time of treatment; (iii) the individual had Valid Health Insurance; (iv) the individual's medical bills resulting from their treatment were not submitted to their Health Insurance carrier for payment or were submitted to their Health Insurance carrier after first being submitted to the individual's Automobile Insurance carrier; (v) the individual did not refuse to provide their Health Insurance information or to cooperate with their Health Insurance carrier; and (vi) the applicable hospital, or an entity acting on its behalf, received and retained payment for the treatment that was paid (a) from an Automobile Insurance policy covering the individual; (b) from a third-party tort recovery; or (c) as a result of a Collection Action or Collection Lawsuit filed by, or instituted by, a Missouri Facility, or an entity acting on its behalf, against the individual or his/her representative. Excluded from the Settlement Class are (i) the Missouri Facilities and their officers, directors, trustees, managers, agents and/or employees; (ii) the Judge presiding over any motion to approve this Settlement Agreement and any member of the Judge's immediate family; and (iii) those persons who timely and validly request exclusion from the Settlement Class." Ex. 4 at 2.

In *Lay*, the St. Louis County Circuit Court certified a class regarding SSM facilities consisting of:

"All Missouri residents who, between April 1, 2009 and February 5, 2015, received any type of healthcare treatment from any SSM Hospital (as defined herein) and; (i) such treatment was covered by valid, in network, commercial health insurance; and (ii) SSM obtained Payment(s) (as defined

> herein) for such treatment as a result of asserting third-party medical liens or submitting claims for medical payments coverage included in the Class Members' automobile insurance policies, excluding Payment(s) for co-pays, deductibles or other Patient responsibility amounts. The Settlement Class excludes: (i) SSM (as defined herein); (ii) the Court presiding over any motion to approve this settlement agreement; and (iii) those persons who timely and validly request exclusion from the Settlement Class." Ex. 5 at 2.

In *Harbin*, the Clay County Circuit Court certified a class regarding New Liberty Hospital District entities consisting of:

> "All persons who, since November 4, 2008, received any type of healthcare treatment from any entity located in Missouri that is owned or affiliated with Defendant New Liberty Hospital District, and: (i) such treatment was covered by valid, in network, commercial health insurance; and (ii) Liberty obtained Payment(s) (as defined herein) for such treatment as a result of asserting third-party medical liens or submitting claims for medical payments coverage included in the Class Members' automobile insurance policies, excluding Payment(s) for co-pays, deductibles or other Patient responsibility amounts. The Settlement Class excludes (i) the Court presiding over any motion to approve this settlement agreement; and (ii) those persons who timely and validly request exclusion from the Settlement Class." Ex. 6 at 2.

In *Rose*, the St. Louis County Circuit Court certified a class regarding St. Anthony's Medical Center[1] consisting of:

> "All individuals who (i) received any type of healthcare treatment from St. Anthony's Medical Center between June 16, 2011 and February 20, 2017; (ii) while being covered by valid, private health insurance; and (iii) for whom St. Anthony's obtained Payment(s) (as defined in the Settlement Agreement) for such treatment as a result of asserting third-party medical liens, submitting claims for medical payments coverage included in the individuals; automobile insurance policies, or pursuing payment from the individuals themselves or their legal representatives, excluding co-pays, deductibles or other Patient responsibility amounts. The Settlement Class excludes: (i) St. Anthony's (as defined in the Settlement Agreement); (ii)

---

[1] This Order approving the class was entered on December 20, 2017, 10 months after Mercy and St. Anthony's Medical Center announced their affiliation plans. Samantha Liss, *Mercy and St. Anthony's Enter Affiliation Agreement*, ST. LOUIS POST-DISPATCH (Feb. 20, 2017), https://www.stltoday.com/business/local/mercy-and-st-anthony-s-enter-affiliation-agreement/article_5931d205-b3fd-503c-bda3-9a1b7543a136.html. As of October 1, 2018, the Mercy acquired facility, St. Anthony's Medical Center, is now known as Mercy Hospital South. *St. Anthony's to Adopt Mercy Name* (March 28, 2018), https://www.mercy.net/newsroom/2018-03-28/st--anthony-s-to-adopt-mercy-name/.

the Court presiding over any motion to approve this settlement agreement; and (iii) those persons who timely and validly request exclusion from the Settlement Class." Ex. 7 at 2.

Contrary to Mercy's assertion that handling Plaintiff's claims as class actions is not feasible, Missouri courts time and time again have certified classes almost identical to Plaintiff's proposed classes.

## II. Defendant's specific criticisms of the Consent and Agreement Class definition are either without merit, or can be dealt with by modification of the proposed Consent and Agreement Class.

Defendant outlines eight reasons why it believes the Consent and Agreement class is overbroad and inadequately defined. (Defendant's Memo in Opposition, ECF No. 154, pp. 11-15). Three of those arguments are without merit and are discussed in this section. Five of those arguments can be addressed by simply amending the Consent and Agreement Class definition[2], which Plaintiff herein agrees to.

### A. The contract at issue for the Consent and Agreement Class is the Consent and Agreement contract, to which the patient is a party. Third party beneficiary status to the provider agreement is irrelevant.

Mercy argues that the proposed Consent and Agreement Class is overly broad and fails because the Court would have to make a determination as to each patient's third-party beneficiary status under the patients corresponding provider agreement.

Under Missouri law, a party has standing to obtain declaration of rights, status, and legal relationship under a contract if it is a party to the contract or a third-party beneficiary thereof.

---

[2] Defendant's five concerns can be addressed by modification of the proposed Consent and Agreement class to exclude the following:
1) Patients whose commercial health insurance was not subject to a provider agreement.
2) Patients whose commercial health insurance denied coverage.
3) Patients who did not advise Mercy that they had commercial health insurance.
4) Patients who directed Mercy not to bill their commercial health insurance.
5) Patients who resolved their personal injury claims prior to Mercy asserting a lien.

*Cooper Indus., LLC v. Spectrum Brands, Inc.*, No. 2:16 CV 39 CDP (E.D. Mo., 2017) *citing Nationwide Mutual Ins. Co. v. Harris Medical Associates, LLC*, 2013 WL 5532691, at *4 (E.D. Mo., Oct. 7, 2013).

While the contract at issue for the Network Agreement Class is the Network Agreement, the contract at issue for the Consent and Agreement Class is the Consent and Agreement contract. The patient is a signatory and party to the Consent and Agreement contract, thus third-party beneficiary status to the network agreement is irrelevant.

### B. The contract at issue for the Consent and Agreement Class is the Consent and Agreement contract, which contains no arbitration clause. An arbitration clause in the provider agreement is irrelevant.

Mercy argues that the proposed Consent and Agreement Class is overly broad and fails because the provider agreements for some patients contain an arbitration clause and that those patients' disputes must be resolved by arbitration. Again, the contract at issue for the Consent and Agreement Class is the Consent and Agreement contract – which does not contain an arbitration clause.

### C. Patients who paid or settled their liens should not be excluded from the Consent and Agreement Class just because they relied in good faith on Mercy's representation that the lien was valid.

The voluntary payment doctrine provides that "a person who voluntarily pays money <u>with full knowledge of all the facts in the case</u>, and in the absence of fraud and duress, cannot recover it back, though the payment is made without a sufficient consideration, and under protest." *Affordable Cmtys. Of Mo. V. Fed. Nat'l Mortg. Ass'n*, 815 F.3d 1130, 1134 (8th Cir. 2016) *quoting Huch v. Charter Commc'ns, Inc.*, 290 S.W.3d 721, 726 (Mo. 2009) (emphasis added). If a patient voluntarily pays a lien after representation from Mercy that they must do so, they are without full

knowledge of all facts of the case and the voluntary payment doctrine cannot be applied. Therefore, these patients should not be excluded from the Consent and Agreement class.

Additionally, in breach of contract cases, proof of a contract and its breach gives rise to nominal damages, even in the absence of proof of actual damages. *Dierkes v. Blue Cross & Blue Shield of Mo.*, 991 S.W.2d 662 (Mo. 1999) (en banc). Here, we have a contract, the Consent and Agreement, and a breach of that contract by Mercy. The patients who make up the Consent and Agreement class are entitled to, at a minimum, nominal damages and thus should not be excluded from the class. Additionally, patients cannot be penalized for relying on Mercy's representations that the liens they asserted were valid liens and were therefore paid by the patient.

According to Mercy, if the patient does not pay their lien, the patient's claim should be dismissed because they are not damaged.[3] And if the patient does pay the lien, their claim should be dismissed because of the voluntary payment doctrine. In Mercy's universe, the patient never has a remedy.

### III. Mercy fails to raise any arguments specific to the Network Agreement Class and the five applicable arguments can be accommodated by modification of the proposed Network Agreement Class.

Plaintiff's Network Agreement Class is comprised of patients who all had commercial health insurance with Blue Cross Blue Shield at the time they received treatment from Mercy. Those patients, including Plaintiff, were <u>all subject to the same provider agreement</u> between Blue Cross Blue Shield and Defendant Mercy. The Network Agreement Class requires analysis of one contract – The Network Agreement.

---

[3] Memorandum in Support of Defendant Mercy Hospitals East Communities' Motion for Summary Judgment, ECF No. 81, p. 12; Reply Memorandum in Support of Defendant Mercy Hospitals East Communities' Motion for Summary Judgment, ECF No. 111, p. 14.

Mercy raised the same shortcomings with regard to the Network Agreement Class as it did for the Consent and Agreement Class.  Those same five concerns can be addressed by modification of the proposed Network Agreement Class as outlined above.[4]

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant its Motion for Class Certification, and appoint Holloran Schwartz & Gaertner, LLP counsel for the Classes.

    Respectfully submitted,

**HOLLORAN SCHWARTZ & GAERTNER LLP**

/s/ THOMAS E. SCHWARTZ
Thomas E. Schwartz, #44504
Rebecca E. Grossman, #70093
9200 Litzsinger Road
St. Louis, Missouri 63144
314-772-8989
314-279-1333 Facsimile
tschwartz@holloranlaw.com
rgrossman@holloranlaw.com
*Attorneys for Plaintiff*

## Certificate of Service

The undersigned hereby certifies that on this 12th day of October, 2018, this pleading was electronically filed with the Clerk of the Court by using the Missouri electronic filing system, which will send notice of electronic filing to the attorneys on record.

/s/ THOMAS E. SCHWARTZ

---

[4] *See* FN 2.