UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA HOOPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:16-cv-01543-AGF |
| | ) |
| MEDICAL REIMBURSEMENTS OF AMERICA, INC., et al, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Mercy Hospitals East Communities' Motion for Reconsideration of the Court's denial of summary judgment on Counts 1 and 2 of Plaintiff's Second Amended Complaint. ECF No. 152. In response to Defendant Mercy's motion for reconsideration, Plaintiff filed a brief arguing that the Court should not reconsider its prior summary judgment ruling because (1) the Federal Rules of Civil Procedure do not provide for a Motion for Reconsideration; (2) Defendant Mercy fails to present any new argument that it could not have presented earlier; and (3) Defendant Mercy fails to articulate any court error in the Court's summary judgment ruling. ECF No. 158. However, "in the event [that] the Court will address arguments raised in Defendant's Motion for Reconsideration," Plaintiff requests "additional time to file a Response to Defendant's substantive arguments." *Id.* at 3.

1

Federal Rule of Civil Procedure 54(b) permits the district court to "exercise its general discretionary authority to review and revise its interlocutory rulings prior to the entry of final judgment." *Auto Servs. Co., Inc. v. KPMG, LLP*, 537 F.3d 853, 856-57 (8th Cir. 2008) (citing *Partmar Corp. v. Paramount Pictures Theatres Corp.*, 347 U.S. 89, 100 (1954) (observing that "[t]he power remained in the trial court until the entry of his final judgment to set aside, for appropriate reasons," orders previously entered in the case); *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993) ("Under the last clause of Rule 54(b), a non-final order 'is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.' ")). Because the summary judgment ruling here "adjudicates fewer than all the claims," it is interlocutory and may be modified "any time before the entry of [final] judgment." *K.C.1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007).

The Court is not ruling at this time on the substantive arguments made in Defendant Mercy's motion for reconsideration, but the Court does find that it has the power and authority to reconsider its previous summary judgment ruling. Therefore, the Court will provide Plaintiff an opportunity to respond to the substantive arguments of Defendant's motion to reconsider.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall have until **October 31, 2018**, to file a supplemental response to Defendant's Motion for Reconsideration (ECF No.

152). If a supplemental response is filed by Plaintiff, Defendant Mercy shall have until **November 7, 2018**, to file a supplemental reply. No further briefing on this motion will be allowed.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of October, 2018.